UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARCUS KUTTERER, | No. 2:23-cv-2970 KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| FACILITY WELLPATH MEDICAL, et al., | |
| Defendants. | |

Introduction

     Plaintiff is a county prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Application to Proceed In Forma Pauperis

     Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

2

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

On December 20, 2023, plaintiff filed the original complaint. (ECF No. 1) On January 22, 2024, plaintiff filed an amended complaint. (ECF No. 8.) Accordingly, the undersigned herein screens the amended complaint. Fed. R. Civ. P. 15.

Named as defendants in the amended complaint are Solano County, Wellpath Medical, Dr. Wong and Legal Officer Mrs. Rison. Plaintiff's amended complaint contains three claims for relief.

Plaintiff seeks money damages and an investigation of his claims.

*Claim One*

In claim one, plaintiff alleges that he is a disabled pretrial detainee in the Solano County Jail. Plaintiff alleges that he was taken out of his wheelchair and thrown on the ground into a dirty safety cell because no bed was available in the medical unit. Plaintiff alleges that his skin graft tore open and bled all over the place. Plaintiff alleges that "the[y] know my leg is almost amputated." Plaintiff alleges that he cannot walk. Plaintiff alleges that "they know I suffer from mental illness." Plaintiff alleges that he was "on meds in station list for bipolar disorder." Plaintiff alleges that defendant Wellpath Medical's policy discriminates against plaintiff's disability and disregards his safety.

As legal claims for claim one, plaintiff alleges excessive force, "mental health issue," and "I'm disabled inmate." The undersigned construes claim one to allege claims for inadequate mental health care and excessive force in violation of the Fourteenth Amendment See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (claims for violations of right to

3

adequate to medical care by pretrial detainees brought under Fourteenth Amendment); Kingsley v. Hendrickson, 576 U.S. 389, 397-98, 399 (2015) (the right of pretrial detainees to be free from excessive force is guaranteed by the Due Process Clause of the Fourteenth Amendment).  The undersigned also construes claim one to raise a claim under the Americans with Disabilities Act ("ADA").

At the outset, the undersigned observes that the only defendant named in claim one is defendant Wellpath Medical.  The undersigned first considers plaintiff's excessive force claim.

Plaintiff apparently raises an excessive force claim based on the allegation that he was thrown to the ground in the safety cell.  Plaintiff alleges that defendant Wellpath Medical has a policy that disregards his safety.  Plaintiff appears to claim that defendant Wellpath Medical's policy caused the alleged excessive force.

Defendant Wellpath Medical is private company contracted with Solano County to provide medical care at the Solano County Jail.  See Oliveria v. Solano County Sheriff's Custody Division, 2023 WL 2976246, at *2 (E.D. Cal. Apr. 17, 2023.)  Private entities, such as defendant Wellpath Medical, that act under color of state law, may be liable under Monell v. Dep't. of Social Services, 436 U.S. 585 (1978).  See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).

The Supreme Court has held that municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694.  To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation.  Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco,

308 F.3d 968, 984-85 (9th Cir. 2002)).

While plaintiff alleges that defendant Wellpath Medical has a policy that disregards plaintiff's safety, plaintiff does not describe this policy in any detail.  In addition, defendant Wellpath Medical provides medical care at the Solano County Jail.  If plaintiff files an amended complaint, plaintiff shall describe the policy he challenges and address how a policy of this medical provider caused plaintiff to suffer excessive force.  Accordingly, this claim is dismissed.

As stated above, in claim two plaintiff alleges violation of his Fourteenth Amendment right to adequate mental health care.  However, plaintiff alleges no facts demonstrating that he has been denied mental health treatment.  Plaintiff also alleges no facts demonstrating that a policy of defendant Wellpath Medical led to a denial of mental health treatment.  Accordingly, this claim is dismissed.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim for monetary relief under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was intentionally excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such intentional exclusion or discrimination was by reason of his disability.  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) ("To recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant.") (citation omitted).

Plaintiff's allegation that he uses a wheelchair demonstrates that plaintiff is disabled.  However, plaintiff fails to state a potentially colorable ADA claim because he does not allege that he was excluded from participation in or otherwise discriminated against with regard to a service, program or activity at the jail based on his disability.  Plaintiff also fails to allege that defendant Wellpath Medical intentionally discriminated against him based on his disability.  For these reasons, plaintiff's ADA claim is dismissed.

////

*Claim Two*

In claim two, plaintiff alleges that he has been in custody since March 2023. Plaintiff alleges that he uses a wheelchair due to burns he suffered in a fire. Plaintiff alleges that Dr. Purcel prescribed medication for plaintiff's stress. Plaintiff alleges that on August 6, 2023, he was released from the safety cell and housed in the medical unit. At that time, defendant Wong abruptly cut off plaintiff's mental health medication. Defendant Wong told plaintiff that he did not like to give these medications. Plaintiff alleges that he only spoke to defendant Wong for five minutes via laptop. Plaintiff alleges that he filed a grievance complaining about the side effects of some of the medications defendant Wong prescribed, such as enlarged breasts. Plaintiff alleges that the laceration on the back of his leg will not heal due to emotional distress. Plaintiff alleges that he cannot eat and sleep due to emotional distress.

In claim two, as a legal claim, plaintiff alleges a violation of his constitutional right to adequate medical care.

The only defendant named in claim two is defendant Wong. Plaintiff's inadequate medical care claim appears to be based on the allegation that defendant Wong discontinued the mental health medications plaintiff previously took and prescribed new mental health medications. Plaintiff alleges that he complained about the side effects of some of the new mental health medications defendant Wong prescribed, such as enlarged breasts. Plaintiff also may be claiming that the new medications prescribed by defendant Wong do not effectively treat plaintiff's mental illness.

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." Gordon v. Cty. of Orange, 888 F. 3d 1118, 1124-25 (9th Cir. 2018).

To state a plausible claim for denial of medical (or mental health) care under the Fourteenth Amendment, a pretrial detainee must allege facts showing that:

> (i) the defendant made an intentional decision regarding the denial of needed medical care; (ii) the denial of needed medical care put plaintiff at a substantial risk of suffering serious harm; (iii) the

6

> defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable official under the circumstances would have understood the high degree of risk involved- making the consequences of Defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Sandoval v. County of San Diego, 985 F.3d 657, 669 (9th Cir. 2021).

To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent – something akin to reckless disregard." Id. (quoting Gordon, 888 F. 3d at 1125).

While plaintiff alleges that defendant Wong prescribed mental health medications that caused plaintiff to suffer uncomfortable side effects, plaintiff does not allege that he told defendant Wong about these side effects. Plaintiff alleges that he complained about the side effects, but he does not specifically allege that he made these complaints to defendant Wong. Plaintiff also does not claim that he told defendant Wong that the new mental health medications did not effectively treat plaintiff's mental illness.

The undersigned cannot determine whether plaintiff states a potentially colorable Fourteenth Amendment claim against defendant Wong based on defendant Wong's prescription of new mental health medication without knowing whether plaintiff informed defendant Wong of the alleged side effects and that the new medications did not adequately treat his mental illness. Accordingly, this claim against defendant Wong is dismissed. If plaintiff files an amended complaint, he shall address whether he informed defendant Wong of the alleged side effects and that the medication did not treat plaintiff's mental illness. Plaintiff shall also describe all of the side effects of which he informed defendant Wong.

*Claim Three*

In claim three, plaintiff alleges that on August 1, 2023, "I was safety cell out of Solano County Justice Center Classification (Fisher)." Plaintiff alleges that he was laying on the ground, bleeding, with a large laceration. Plaintiff alleges that he was dehydrated, without food and without his wheelchair. Plaintiff alleges that he had to drag himself to and from a hole in the

floor that was called the restroom. Plaintiff alleges that he was without his mental health medication for two weeks. Plaintiff alleges that he has no memory of what was stated. Plaintiff was still in shock and trauma "over the incident" and without medication. After being released from the safety cell once a bed opened up in the medical unit, plaintiff requested a grievance regarding "the incident." Plaintiff was told that it was too late to grieve the incident because three days had passed. In claim three, plaintiff alleges that he suffered injuries of green pus draining from his leg and stress on his mental health.

In claim three, plaintiff alleges violation of the ADA. Plaintiff also alleges that claim three involves disciplinary proceedings.

The undersigned finds that plaintiff fails to state a potentially colorable ADA claim because no defendants are named in claim three. If plaintiff files an amended complaint, he shall identify the defendants linked to this ADA claim.

The undersigned also finds that plaintiff fails to state a potentially colorable ADA claim in claim three because plaintiff does not allege that he was intentionally excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities by reason of his disability. Lovell v. Chandler, supra. If plaintiff files an amended complaint, he shall demonstrate how the conditions described in claim three resulted in plaintiff being excluded from or discriminated against with regard to a public entity's services, programs or activities by reason of his disability.

As stated above, plaintiff claims that the allegations in claim three are related to a disciplinary proceeding. However, claim three contains no allegations related to disciplinary proceedings. Accordingly, the undersigned will not address this matter further.

*Defendants Solano County and Legal Officer Rison*

The amended complaint contains no allegations against defendants Solano County and Legal Officer Rison.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

8

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Defendants Solano County and Legal Officer Rison are dismissed because they are not linked to any alleged deprivation. If plaintiff files an amended complaint naming these defendants, plaintiff shall link these defendants to his claims.

Conclusion

For the reasons discussed above, plaintiff's amended complaint is dismissed with leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint,

9

1  plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation
2  of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the
3  second amended complaint must allege in specific terms how each named defendant is involved.
4  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983
5  unless there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).
7  Furthermore, vague and conclusory allegations of official participation in civil rights violations
8  are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
10  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
11  complaint be complete in itself without reference to any prior pleading.  This requirement exists
12  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
13  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
14  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
15  omitted)).  Once plaintiff files a second amended complaint, the prior complaints no longer serve
16  any function in the case.  Therefore, in a second amended complaint, as in an original and first
17  amended complaint, each claim and the involvement of each defendant must be sufficiently
18  alleged.

19       In accordance with the above, IT IS HEREBY ORDERED that:
20       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
21       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
22  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
23  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
24  Solano County Sheriff's Department filed concurrently herewith.
25       3.  Plaintiff's amended complaint is dismissed.
26       4.  Within thirty days from the date of this order, plaintiff shall complete the attached
27  Notice of Amendment and submit the following documents to the court:
28           a.  The completed Notice of Amendment; and

   b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

  Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 6, 2024

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kutt2970.14(2)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS KUTTERER,<br><br>        Plaintiff,<br><br>  v.<br><br>FACILITY WELLPATH MEDICAL, et al.,<br><br>        Defendants. | No. 2:23-cv-2970 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____      Second Amended Complaint

                                       _____
                                       Plaintiff