UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS KUTTERER, | No. 2:23-cv-2970 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| FACILITY WELLPATH MEDICAL, et al., | |
| Defendants. | |

Plaintiff is a prisoner in the Solano County Jail, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that plaintiff's request for injunctive relief contained in claim two of plaintiff's original complaint be denied.

Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious

1

questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.).

Discussion

Plaintiff filed the original complaint on December 20, 2023.  (ECF No. 1.)  Plaintiff named as defendants Wellpath Medical, Dr. Nigara, Dr. Wong and the Legal Mail Officer.  (Id.) Plaintiff named defendants Wellpath Medical and Dr. Nigara as defendants in connection with claim two.  (Id. at 4.)  Plaintiff alleged that he was involved in a fire accident that almost took his life.  (Id.)  In claim two, plaintiff alleged as follows:

> I got placed in a rubber room.  I'm ADA inmate.  They taken my wheelchair from me.  Threw me on a nasty floor and my back of my leg where my skin graft tore open and it won't heal so I had to go to UC Davis appointment and I waiting for surgery because it very bad cause my leg continuously bleed and it won't heal.  The nurse here at the facility are not taking my leg seriously.  Have gotten to the point where there is green [pus] continually drain from my leg cause it won't heal.  The county fail to follow up with the problem.  It continually get worse and worse.  Please I need this look into badly.

(Id.)

On January 4, 2024, the undersigned issued an order construing claim two of the original complaint to contain a request for injunctive relief.  (ECF No. 5.)  The undersigned found that in claim two, plaintiff alleged that the area of his leg containing a skin graft tore open, continuously bled, had green pus in it and would not heal.  (Id.)  Plaintiff's allegations suggested that he had an untreated infection in the area of his leg containing the skin graft.  (Id.)  Plaintiff sought medical attention for his leg.  (Id.)

In the January 4, 2024 order, the undersigned observed that defendants Wellpath Medical and Dr. Nigara, named in connection with claim two, had not been served and were not required

to appear. (Id.) The undersigned ordered that if defendants Wellpath Medical and Dr. Nigara wished to take any position with respect to plaintiff's request for injunctive relief contained in claim two of the original complaint, they had ten days to do so. (Id.) The undersigned ordered service of plaintiff's complaint and the January 4, 2024 order on defendants Wellpath Medical, Dr. Nigara and Solano County Counsel. (Id.)

Ten days passed from the January 4, 2024 order and defendants did not respond. On January 22, 2024, the undersigned ordered plaintiff to file a status report within five days addressing whether he received treatment for the leg injury described in claim two of his complaint (ECF No. 7.) Five days passed and plaintiff did not respond to the January 22, 2024 order.

On January 22, 2024, plaintiff filed an amended complaint.[1] (ECF No. 8.) As in the original complaint, in the amended complaint plaintiff alleges that the skin graft in his leg tore open when he was thrown into a cell. (Id. at 3.) However, in the amended complaint, plaintiff does not allege that jail officials denied him medical care for his leg, as he did in the original complaint. In claim two of the amended complaint, plaintiff alleges that his leg will not heal due to emotional distress. (Id. at 4.) In the amended complaint, plaintiff does not clearly request medical care for his leg.

In the amended complaint, plaintiff appears to have abandoned the claim raised in the original complaint alleging that officials at the Solano County Jail failed to provide medical care for his injured leg. For this reason, the request for injunctive relief raised in the original complaint seeking medical care for plaintiff's injured leg should be denied.

To the extent the amended complaint can be construed as seeking mental health care so that plaintiff's injured leg may heal, the undersigned finds that plaintiff has not demonstrated a likelihood of success on the merits of this claim. Plaintiff has not pled sufficient facts demonstrating that inadequate mental health care caused his leg injury not to heal.

////

---

[1] The undersigned separately dismissed plaintiff's amended complaint with leave to amend.

3

Accordingly, IT IS ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's request for injunctive relief, made in the original and amended complaints, for treatment for his injured leg be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kutt2970.pi